UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM HART,

Plaintiff,

-against-

DENETRA THOMPSON; JENNIFER
SEIDERMAN,

Defendants.

23-CV-3289 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights during his Bronx County Family Court

proceedings.[1] Named as Defendants are Bronx County Family Court Support Magistrates

Denetra Thompson and Jennifer Seiderman. By order dated April 21, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The

Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed the original complaint in this action on April 19, 2023. On April 25, 2023,
he filed an amended complaint. (ECF 4.) The amended complaint is the operative pleading.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Malcolm Hart brings this action under 42 U.S.C. § 1983, against Bronx County Family Court Support Magistrates Denetra Thompson and Jennifer Seiderman, alleging that they violated his right to "[d]ue process of law under 4th, 5th, 7th, & 14th amendments." (ECF 4, at 2.) He alleges that his claims arose on October 26, 2020, and March 14, 2023.

The following allegations are taken from the amended complaint. On October 26, 2020, Support Magistrate Thompson of the Bronx Family Court issued a child support order directing

Plaintiff to pay $270.16 per week for support of his daughter.[2] Plaintiff advances various theories as to how the Family Court violated his constitutional rights and why the support order should be declared void. For example, he asserts that the support order violates his rights under the Fourth Amendment because a support order "is not a warrant guaranteed by the 4th amendment" but is rather "a summary judgment that is routinely sent to a third party State, City or County Child Support enforcement Debt Collection Agency." (*Id.* at 6.) Plaintiff argues that because the Fourth Amendment requires a "warrant issued under sworn oath," it is "required that nonjudicial court employee provides oath of office before performing a ministerial act of issuing a money judgment." (*Id.* at 6-7.) He further asserts that his right to due process under the Fifth Amendment was violated because "[a] child support hearing before an administrative hearing is not due process unless the petitioner consented," and Plaintiff "did not consent." (*Id.* at 7.) Finally, Plaintiff argues that his rights under the Seventh Amendment were violated because his "right to trial by jury" was not preserved. (*Id.*)

In June 2022, Plaintiff submitted a motion asking the Family Court to terminate the support order. A virtual hearing was initially scheduled for November 22, 2022, but that hearing was canceled because Support Magistrate Thompson had a "family emergency." (*Id.* at 8.) The rescheduled hearing took place on March 14, 2023, before Support Magistrate Seiderman. At that hearing, Plaintiff argued that the support order is a "clear violation of due process." (*Id.* at 9.) He was told, presumably by Support Magistrate Seiderman, that the "proceedings cannot take place until the other party has been notified." (*Id.*) Plaintiff asserts that "[i]nstead of providing a

---

[2] Plaintiff attaches Support Magistrate Thompson's order to the amended complaint. (*See id.* at 14-18.)

temporary injunction until the next hearing date for violating due process, [Support Magistrate Seiderman] has contrived the unconstitutional, unlawful, heinous and barbaric order." (*Id.*)

Plaintiff asks the Court to terminate the support order. He also seeks money damages based on the following calculations. Plaintiff alleges that under the support order, between October 26, 2020, to the present, he has paid $34,791 in support payments. Plaintiff appears to double that figure, stating that "[b]etween the two magistrates," it comes to $69,582. (*Id.* at 10.) Plaintiff states that because "Proverbs Chapter 6 vs 30-31 states that he must restore seven times that was taken from," he is therefore seeking damages in the amount of $487,074. (*Id.*)

## DISCUSSION

**A.    The Court cannot modify or terminate a family court order or judgment concerning child support**

The Court understands Plaintiff's complaint as asserting claims in which Plaintiff asks the Court to, among other things, nullify a determination of the Bronx County Family Court with regard to Plaintiff's obligation to pay child support. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the family court's final orders of judgments. In the alternative, under the domestic relations abstention doctrine, the Court must abstain from exercising its federal question jurisdiction of these claims.[3]

### 1.    The *Rooker-Feldman* doctrine

Federal district courts lack authority to review state-court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md.,*

---

[3] Plaintiff has invoked the Court's federal question jurisdiction by asserting claims under 42 U.S.C. § 1983 in which he claims that the defendants have violated his federal constitutional rights. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

*Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Id.* at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

More specifically, a plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, a plaintiff's request that this Court review and overturn an order or judgment of a New York family court determining that the plaintiff owes child support or setting the amount of child support owed is barred by that doctrine. *See, e.g.*, *Hall v. Clinton Cnty.*, No. 8:18-CV-1405, 2020 WL 1923236, at *4 (N.D.N.Y. Apr. 21, 2020); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612, 2020 WL 1878119, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, 18 (2d Cir. 2018) (summary order)); *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *2-3 (S.D.N.Y. Mar. 25, 2020); *see also Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family

court decrees setting child support arrears . . . . The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him, as many of the cases cited above (and others) have arisen in identical contexts.") (internal quotation marks and citation omitted).

Here, Plaintiff's amended complaint challenges final orders and judgments of the Bronx County Family Court, issued before Plaintiff filed this action, in which the family court determined that Plaintiff owes child support and set an amount owed. By asking this Court to "have the support order terminated" (ECF 4, at 10-11), Plaintiff challenges the validity of those final orders and judgments. Thus, those claims for relief are barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

### 2. Domestic Relations Abstention Doctrine

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized domestic relations exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). Thus, "[a]lthough the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* Federal district courts must therefore abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts constitutional claims under the Court's federal question jurisdiction and asks this Court to overturn or "terminate" final determinations of the Bronx County Family Court. (ECF 4, at 11.) He challenges the fact that he must pay child support and seeks reimbursement of the amount he has previously paid. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal question jurisdiction of his claims arising from the family court's orders and judgments and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that

is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

Although Plaintiff asserts that the family court has violated his constitutional rights, including his right to due process, he alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support or the amount owed. In fact, his allegations suggest that the family court granted him a hearing regarding his request to modify the support order, but determined that the child's mother must be notified prior to such a hearing taking place. (*See* ECF 4, at 9.) Nothing in the amended complaint suggests that Plaintiff will not have a full and fair opportunity to seek modification of the support order in the family court. Accordingly, under the domestic relations abstention doctrine, the Court alternatively abstains from exercising its federal-question jurisdiction over Plaintiff's federal law claims arising from those issues.

**B.      Judicial Immunity**

Plaintiff's claims for damages under 42 U.S.C. § 1983 against Support Magistrates Denetra Thompson and Jennifer Seiderman are also barred under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any

action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" the judge's judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). "District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates," like Thompson and Seiderman. *Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866. 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting cases).

Plaintiff's claims against Thompson and Seiderman arise from actions they have taken while presiding over Plaintiff's family court proceedings. Plaintiff does not allege any facts showing that Thompson and Seiderman acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Thompson and Seiderman for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims for money damages against Thompson and Seiderman because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### C.     State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### D.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). On June 1, 2023, Plaintiff filed a notice of motion to file a second amended complaint (ECF 5), a declaration in support of his motion to file a second amended complaint (ECF 6), and a document labeled "Notice to Court Memorandum of Laws Judicial Cognizance Full Faith In Credit Clause" (ECF 7). Nothing in Plaintiff's June 1, 2023, submissions cures the deficiencies identified above. Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint and denies his notice of motion to file a second amended complaint (ECF 5).

**CONCLUSION**

The Court dismisses Plaintiff's claims that challenge final orders and judgments of the New York Family Court, Bronx County, under the *Rooker-Feldman* doctrine, for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and alternatively, under the domestic-relations abstention doctrine first articulated by the Court of Appeals in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

The Court dismisses Plaintiff's claims for damages under Section 1983 against Bronx County Family Court Support Magistrates Denetra Thompson and Jennifer Seiderman as frivolous and for seeking monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's notice of motion to file a second amended complaint. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge