UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALCOLM HART,

                Plaintiff,

-against-

DENETRA THOMPSON; JENNIFER SEIDERMAN,

                Defendants.

23-CV-3289 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*, alleging that Defendants Denetra Thompson and Jennifer Seiderman, who are Bronx County Family Court Support Magistrates, violated his rights when they issued orders directing him to pay child support. On June 12, 2023, the Court dismissed the amended complaint under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction, and alternately, under the domestic-relations abstention doctrine articulated in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). (ECF 10.) The Court also dismissed Plaintiff's claims against Support Magistrates Thompson and Seiderman under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from defendants who are immune from such relief. Judgment was entered on June 12, 2023. (ECF 9.) On June 27, 2023, Plaintiff filed a Notice of Motion for Reconsideration (ECF 10) and a supporting declaration (ECF 11) challenging the June 12, 2023, dismissal order.

      The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also*

---

[1] Because the motion was not filed within 14 days of entry of judgment, the Court declines to construe Plaintiff's submission as a motion for reconsideration under Local Civil

*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.**     **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

---

Rule 6.3. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment."). In any event, the substantive standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion for reconsideration largely repeats the same facts and arguments asserted in the complaint and amended complaint. For example, he argues that Support Magistrates Thompson and Seiderman are not protected by the doctrine of judicial immunity either because they are "not judges or non-judicial court employees" or because they acted without jurisdiction in Plaintiff's Bronx County Family Court matter. As the Court stated in its order of dismissal, however, the law is clear that absolute judicial immunity applies to New York Family Court Support Magistrates such as Thompson and Seiderman, *see Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 28-CV-10866, 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting cases), and Plaintiff has alleged no facts suggesting that Thompson and Seiderman acted beyond the scope of their judicial responsibilities or outside their jurisdiction. He instead repeats his argument that he disagrees with their determinations of his child support obligations in his state Family Court matter pending before them. Because Plaintiff is suing Thompson and Seiderman for "acts arising out of, or related to, individual cases before [them]," they are immune from suit. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Nor has Plaintiff alleged any facts suggesting that a declaratory decree was violated, or declaratory relief was unavailable so as to overcome Section 1983's bar on injunctive relief against judges. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Furthermore, nothing in Plaintiff's motion suggests that the Court overlooked any controlling decision or factual matters with respect to its holding that Plaintiff's claims, in which

3

he seeks to vacate a support order of the Bronx County Family Court, are barred by the *Rooker-Feldman* doctrine and subject to the domestic relations abstention doctrine. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 60(b)(6).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 10).

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 29, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge